JOHN PORTER *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—365.]

**Power of Court of Appeals in Criminal Case.**

In a criminal prosecution if there is any testimony to sustain the verdict and judgment the Court of Appeals has no power to reverse the cause.   If there is an entire absence of proof, the question of guilt becomes one of law as well as of fact.

APPEAL FROM ELLIOTT CIRCUIT COURT.

November 12, 1885.

OPINION BY JUDGE PRYOR:

The accusative part of the indictment set forth the offense and the mode of committing it, it is alleged in the language of the statute.

The party is. charged with detaining a woman, naming her, against her will with the intention of having sexual intercourse with her, committed as follows: The accused, on the ——— day of ——— in the county of——— unlawfully, wilfully and feloniously detained a woman, Amanda Porter, against her will with the intent to have carnal knowledge of her. This was a definite and concise statement of the facts constituting the offense and authorized the verdict and judgment, if there was any evidence to support it.

This court, when there is any testimony in criminal prosecutions conducing to sustain the verdict and judgment, has no power to reverse the case, but when there is an entire absence of proof constituting the offense with which the accused stands charged, the question of guilt becomes one of law, as well as of fact. In this case if the jury believed the prosecuting witness, accused was certainly guilty of the offense; such a charge may be sustained by the testimony of the party complaining of the wrong, while the mouth of the accused is closed as to his conduct; still it is not to be presumed that a jury of the county of the residence of the accused, with a knowledge of the parties involved and their antecedents, or with the means of ascertaining their surroundings, would convict one of such an offense unless the proof was clear and convincing. The details of the transaction as given by the female witness were the impress of truth, and the jury no doubt had but little trouble in arriving at the verdict. The judgment must be *affirmed.*

*J. R. Botts, for appellant.*

*P. W. Hardin, for appellee.*